1    LATHAM & WATKINS LLP
        Dean G. Dunlavey (Bar No. 115530)
2    650 Town Center Drive, 20th Floor
     Costa Mesa, California 92626-1925
3    Telephone: +1.714.540.1235
     Facsimile: +1.714.755.8290
4    Email: dean.dunlavey@lw.com

5    LATHAM & WATKINS LLP
        Amos E. Hartston (Bar No. 186471)
6    355 South Grand Avenue
     Los Angeles, California 90071-1560
7    Telephone: +1.213.485.1234
     Facsimile: +1.213.891.8763
8    Email: amos.hartston@lw.com

9

10   Attorneys for Petitioners
     Broadcom Corporation and Shimon Elkayam

11

12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

16                    CV 08 - 8 0 1 5 4 MISC

17   SUBPOENA IN                        Misc. No. _____

18   PowerDsine, Inc. and PowerDsine, Ltd. v.    PETITIONER THIRD PARTIES
     AMI Semiconductor, Inc. and AMI             BROADCOM CORPORATION AND
19   Semiconductor Belgium BVBA,                 SHIMON ELKAYAM'S NOTICE OF
                                                 MOTION AND MOTION TO QUASH OR
20                                               FOR A PROTECTIVE ORDER
     U.S. District Court, Southern District of   REGARDING DEPOSITION AND
21   New York, Case No. 07-CV-6014 (SAS)         DOCUMENT SUBPOENA TO SHIMON
     (FM)                                        ELKAYAM; MEMORANDUM OF POINTS
                                                 AND AUTHORITIES

22                                               Date:   September 22, 2008
23                                               Time:   TBD
                                                 Place:  TBD
24                                               Judge:  TBD

25

26

27   TO EACH PARTY AND ITS ATTORNEYS OF RECORD:

28

1    **PLEASE TAKE NOTICE** that, pursuant to Rules 45(c)(3)(A), 45(c)(3)(B) and 26(c) of

2    the Federal Rules of Civil Procedure, Petitioners Broadcom Corporation ("Broadcom") and

3    Shimon Elkayam ("Elkayam"), by their undersigned counsel, will and hereby do move for an

4    order quashing, or for a Protective Order regarding, a deposition and document subpoena to

5    Elkayam transmitted via e-mail by counsel for PowerDsine, Inc. and PowerDsine Ltd during the

6    evening of Thursday, August 7, 2008 and noticed for 9:00 a.m. Tuesday, August 12, 2008.

7    Petitioners further move for an immediate order staying the deposition pending the outcome of

8    this motion.

9        Petitioners are third parties to the underlying litigation.  Elkayam is a Broadcom

10   employee.

11       This motion is based upon this Notice; the attached Memorandum of Points and

12   Authorities; the Declaration of Dean G. Dunlavey in support of this motion; and on such further

13   evidence and arguments as may be presented in connection with this motion.

14

15                   Certification of Compliance with Civil Local Rule 37-1

16       Counsel for Petitioners certifies that they have met and conferred in good faith with

17   PowerDsine counsel but were unable to reach agreement with PowerDsine as to either the proper

18   scope of the Elkayam deposition or a mutually convenient date for the deposition, necessitating

19   this motion.

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

| | | |
|---|---|---|
| I. | | INTRODUCTION ............................................................................ 1 |
| II. | | STATEMENT OF FACTS ................................................................ 4 |
| III. | | ARGUMENT .................................................................................... 9 |
| | A. | Legal Standard ................................................................................ 9 |
| | B. | An Order Protecting Elkayam is Necessary Because Inadequate Time Was Provided to Respond ........................................................ 10 |
| | C. | PowerDsine is Seeking Discovery on Confidential Broadcom Information That is Irrelevant to the Issues in PowerDsine's Lawsuit With AMI Semiconductor ..................................................... 11 |
| | D. | PowerDsine's Assertion that the Features in Broadcom's Products are "Highly Confidential" PowerDsine Information is Nonsensical and a Blatant Abuse of the Protective Order Entered in the Lawsuit ................. 12 |
| | E. | An Order Protecting Elkayam and Broadcom is Necessary Because the Information Sought is Irrelevant and Confidential Such That the Burden to the Non-Parties Outweighs Any Benefit to PowerDsine ..................................................................................... 13 |
| IV. | | CONCLUSION ................................................................................ 15 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

i

**CASES**

*Beinin v. Ctr. For the Study of Popular Culture*, Case No. C-06-2298 JW (RS),
  2007 U.S. Dist. LEXIS 22518 (N.D. Cal. March 16, 2007) ................................. 10

*Celerity, Inc. v. Ultra Clean Holdings, Inc.*,
  Case No. C-05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295, 2007 WL
  205067, (N.D. Cal. Jan. 25, 2007) .......................................................................... 3

*Donahoo v. Ohio Dept. of Youth Services*,
  211 F.R.D. 303 (N.D. Ohio 2002) ........................................................................ 10

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*,
  649 F.2d 646 (9th Cir. 1980) ................................................................................... 9

*Laxalt v. McClatchy*,
  116 F.R.D. 455 (D. Nev. 1986)................................................................................ 9

*Mattel Inc. v. Walking Mountain Productions*,
  353 F.3d 792 (9th Cir. 2003) ................................................................................. 13

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal. 2005) ........................................................................... 14

*Skellerup Indus. v. City of Los Angeles*,
  163 F.R.D. 598 (C.D. Cal. 1995) ............................................................................. 9

*United States v. CBS, Inc.*,
  666 F.2d 364 (9th Cir. 1982) ................................................................................... 9

**RULES**

Fed. R. Civ. P. 26(c)(1)................................................................................................ 9

Fed. R. Civ. P. 26(c)(1)(G) ....................................................................................... 14

Fed. R. Civ. P. 45(3)(B)(i) ........................................................................................ 14

Fed. R. Civ. P. 45(c)(3)................................................................................................ 9

Fed. R. Civ. Proc. 45(c)(3)(A) .................................................................................. 10

LATHAM&WATKINS⊔⊔
ATTORNEYS AT LAW
SILICON VALLEY

ii          BROADCOM AND ELKAYAM MOTION TO QUASH
            OR FOR A PROTECTIVE ORDER; MEMORANDUM
            OF POINTS AND AUTHORITIES

1                   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    INTRODUCTION**

3            Petitioners Broadcom Corporation ("Broadcom") and Shimon Elkayam ("Elkayam") seek

4 the quashing of, or a protective order entered regarding, a deposition and document subpoena to

5 Elkayam transmitted via e-mail by counsel for plaintiffs PowerDsine, Inc. and PowerDsine, Ltd.

6 ("PowerDsine") to Petitioners' counsel during the evening of Thursday, August 7, 2008 ("the

7 Subpoena"). The Subpoena, attached as Exhibit X to the Declaration of Dean G. Dunlavey in

8 support of this motion ("Dunlavey Decl."), purports to command Elkayam's appearance for

9 deposition at 9:00 a.m. Tuesday, August 12, 2008, just five days (3 business days) later and a

10 date on which PowerDsine knew was unacceptable when it issued the Subpoena. The Subpoena

11 was sent by PowerDsine's counsel in a case pending in the Southern District of New York,

12 entitled *PowerDsine, Inc. and PowerDsine, Ltd. v. AMI Semiconductor, Inc. and AMI*

13 *Semiconductor Belgium BVBA*, Case No. 07-CV-6014 (SAS) (FM) (the "Lawsuit").

14            In the Lawsuit, PowerDsine is suing AMI Semiconductor on a breach of contract claim.

15 The gist of PowerDsine's complaint is that when PowerDsine and AMI Semiconductor personnel

16 met in 2004 and 2005, they exchanged confidential information under a non-disclosure

17 agreement ("NDA") as they explored possible business opportunities. Ultimately they did not

18 enter into an business relationship. PowerDsine alleges that AMI Semiconductor breached its

19 NDA contract by later using PowerDsine information that had been disclosed in 2004-05 under

20 the NDA in Power-over-Ethernet integrated circuits developed with Broadcom. AMI

21 Semiconductor denies these allegations.

22            Neither Broadcom nor Elkayam is a party to the Lawsuit. Broadcom, whose world

23 headquarters are located in Irvine, California, is a competitor to PowerDsine with respect to

24 certain Power-over-Ethernet products. Elkayam is a Broadcom employee, currently working in

25 San Jose, California. Prior to December 2005, Elkayam was employed by PowerDsine in Israel.

26 There are, however, no claims in PowerDsine's complaint against either Broadcom or Elkayam,

27

28

LATHAM&WATKINS™
ATTORNEYS AT LAW
SILICON VALLEY

1    BROADCOM AND ELKAYAM MOTION TO QUASH
OR FOR A PROTECTIVE ORDER; MEMORANDUM
OF POINTS AND AUTHORITIES

1    and there are no allegations in PowerDsine's complaint that Elkayam was ever an employee or

2    agent of AMI Semiconductor.

3         Fact discovery in the Lawsuit presently is scheduled to close on August 29, 2008.

4    PowerDsine has had the opportunity to seek discovery from AMI Semiconductor as to AMI

5    Semiconductor's relationship with Broadcom.  PowerDsine's counsel has confirmed that AMI

6    Semiconductor produced the communications and correspondence exchanged between AMI

7    Semiconductor and Broadcom.  Yet now, in a last minute flurry of activity before that discovery

8    cut-off, PowerDsine has served Broadcom and Elkayam with subpoenas that seek discovery on

9    Broadcom's internal development work on its Power-over-Ethernet products.

10        Petitioners have offered to make Elkayam available to testify about work he did while at

11   PowerDsine, but want assurances that PowerDsine will not use his deposition to inquire into

12   Broadcom's confidential trade secrets.  PowerDsine has refused to agree with Petitioners'

13   requests.  PowerDsine's counsel have refused to disclose the topics as to which they intend to

14   question Elkayam, stating only that they are not willing to limit the questioning to the pre-

15   December 2005 time period and that there are "certain features" in Broadcom's Power-over-

16   Ethernet products about which they want to question Elkayam.  PowerDsine counsel refused to

17   identify those features, claiming that the identification of the features in **Broadcom** products is

18   designated as "highly confidential" **PowerDsine** information under the protective order in the

19   Lawsuit.

20        PowerDsine's position is transparently without merit.  First, the features in Broadcom's

21   existing products obviously cannot be "highly confidential" PowerDsine information.  Second,

22   Petitioners' counsel have signed acknowledgements to be bound under the protective order in the

23   Lawsuit.  Third, since PowerDsine intends to disclose the features when it questions Elkayam

24   about them, PowerDsine clearly is not using the "highly confidential" designation to protect its

25   confidential information but rather in an attempt to surprise Elkayam at his deposition and make

26   it impossible for him to properly prepare.

27        On August 6 and again on August 7, 2008, Petitioners' counsel informed PowerDsine

28   that August 12 was not an acceptable date for Elkayam's deposition.  Tellingly, PowerDsine

2       BROADCOM AND ELKAYAM MOTION TO QUASH
     OR FOR A PROTECTIVE ORDER; MEMORANDUM
        OF POINTS AND AUTHORITIES

1   responded by not only issuing the Subpoena to Elkayam but by issuing subpoenas purporting to

2   command the depositions of Broadcom's Chief Executive Officer and President Scott McGregor

3   and Broadcom's Senior Vice President for Global Manufacturing Operations Vahid Manian, and

4   noticed the depositions for dates that it knew Broadcom's lead counsel would be on vacation.

5   PowerDsine's counsel had not mentioned either Mr. McGregor or Mr. Manian prior to issuing

6   those subpoenas, much less stated that it desired to take their depositions.[1]

7        Petitioners have served their objections to the Subpoena. Exh. CC.[2]

8        Petitioners request that the Court quash the Subpoena in its entirety. As set forth below,

9   PowerDsine's issuance of the Subpoena constitutes a significant abuse of the discovery process.

10  It provides grossly inadequate time for a response, fails to reasonably accommodate the witness

11  and his counsel, and appears to be part of a broader last minute campaign by PowerDsine to

12  inquire into the trade secrets or other confidential or proprietary research, development, or

13  commercial information of Elkayam and his employer Broadcom, which are not relevant to the

14  Lawsuit.

15        In the event that the Court does not quash the Subpoena in its entirety, Petitioners

16  alternatively request that the Court issue a protective order that permits the deposition to go

17  forward at a time and in a manner permitting Petitioners' lead counsel Dean Dunlavey to prepare

18

---

19  [1] This Court has recognized that "deposition notices directed at an official at the highest level or 'apex' of corporate management . . . [create] a tremendous potential for abuse or harassment." *Celerity, Inc. v.*

20  *Ultra Clean Holdings, Inc.*, Case No. C-05-4374 MMC (JL), 2007 U.S. Dist. LEXIS 8295, *8, 2007 WL 205067, *3 (N.D. Cal. Jan. 25, 2007). Even where a subpoena is directed to a corporate officer of one of

21  the parties, courts have refused to permit such depositions unless the requesting party can show that the officer has "unique personal knowledge of the facts at issue" of relevant facts and that "the information

22  sought in the deposition can[not] be obtained through less intrusive discovery methods." *Id.* (citing cases). Here the potential for abuse and harassment is even more pronounced as Broadcom is not a party

23  to the Lawsuit. The circumstances and timing of the "apex" deposition notices is highly suggestive that PowerDsine issued them at least in part to put pressure on Broadcom and Elkayam to try to force

24  Elkayam to appear for the improperly noticed deposition.

25  After receiving the Subpoena and the McGregor and Manian subpoenas, Petitioners' counsel wrote to PowerDsine's counsel – twice – and requested that "If you have any evidence that either Mr. McGregor

26  or Mr. Manian has personal knowledge relevant to PowerDsine's claims or defenses against AMI Semiconductor, please provide a detailed accounting of that evidence to me immediately." Exhs. Y, AA.

27  Neither of PowerDsine's responses to these letters identified any such evidence.

[2] All exhibits referenced herein are exhibits to the Dunlavey Declaration, which is being filed

28  concurrently with the motion.

LATHAM&WATKINS          3     BROADCOM AND ELKAYAM MOTION TO QUASH
ATTORNEYS AT LAW                          OR FOR A PROTECTIVE ORDER; MEMORANDUM
SILICON VALLEY                            OF POINTS AND AUTHORITIES

1   Elkayam for his deposition and defend him during that deposition, in addition to appropriately

2   limiting the time and scope of the deposition to avoid abuse.  Under this alternative request, the

3   protective order would limit the questioning to the time period when Elkayam was employed by

4   PowerDsine, prior to December 2005 and not permit questioning about Elkayam's work at

5   Broadcom.

6   **II.     STATEMENT OF FACTS**

7          PowerDsine sued AMI Semiconductor in district court in the Southern District of New

8   York.  *See* Exh. A.  PowerDsine's sole claim against AMI Semiconductor is for breach of

9   contract.[3]  In essence, PowerDsine alleges that it entered into agreements with AMI

10  Semiconductor that required the parties to protect the confidential and proprietary information

11  exchanged by the parties while they were considering a business relationship.  Id. ¶¶ 30-32.

12  These agreements allegedly included a promise by AMI Semiconductor not use PowerDsine

13  confidential information to compete with PowerDsine in the Power-over-Ethernet ("PoE")

14  market.  Id. ¶ 34.  PowerDsine alleges that AMI Semiconductor breached these agreements.

15  Id. ¶ 75.

16         Elkayam is not a party to the Lawsuit.  He is a former employee of PowerDsine who now

17  works for Broadcom.  Broadcom also is not a party to the Lawsuit.

18         On February 9, 2008, counsel for PowerDsine served a document subpoena on Broadcom

19  in the Central District of California, giving Broadcom two weeks to respond to eleven broad

20  categories of document requests, many of which manifestly sought proprietary Broadcom

21  materials not relevant to the Lawsuit.  Exh. D.  Broadcom served objections to the document

22  subpoena on February 19, 2008.  Exh. E.

23         Broadcom's counsel spoke with PowerDsine's counsel about Broadcom's objections to

24  the document requests on February 29, 2008 and informed PowerDsine's counsel that Broadcom

25  did not intend to produce any documents in response to the subpoena.  However, Broadcom was

26  willing to go through the requests individually to determine whether agreement could be reached

27

28  [3] A second claim against AMIS for tortuous interference has been dismissed.  Dunlavey Decl., ¶ 4.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY
4    BROADCOM AND ELKAYAM MOTION TO QUASH
OR FOR A PROTECTIVE ORDER; MEMORANDUM
OF POINTS AND AUTHORITIES

1   as to the appropriate scope of any request.  PowerDsine's counsel expressed no interest in doing

2   so.  PowerDsine's counsel did nothing more on the issue for five months.  Dunlavey Decl.,

3   ¶¶ 11, 12.

4       On July 25, 2008, counsel for PowerDsine sent an email to Petitioners' counsel, attaching

5   a Rule 30(b)(6) deposition subpoena to Broadcom improperly issued in the Northern District of

6   California (Broadcom's world headquarters is located in the Central District of California), with

7   a notice date of August 7, 2008.  Dunlavey Decl., ¶¶ 14, 15 & Exh. H.  This notice sought

8   testimony concerning 19 broad categories, and explicitly requested testimony as to proprietary

9   and confidential Broadcom information such as "the development of Broadcom's Power-over-

10  Ethernet integrated circuit products, including internal development activities" (Topic #1) and

11  "the design and development of Broadcom products known as the BCM59101 and the

12  BCM59103 Power-over-Ethernet integrated circuit products, including internal development

13  activities" (Topic #2).  Exh. H.

14      In that same July 25, 2008 communication, PowerDsine transmitted a deposition

15  subpoena for Elkayam in the Northern District, noticed for August 1, 2008 – seven days later.

16  Dunlavey Decl., ¶ 14 and Exh. G.  The next day (a Saturday), PowerDsine sent counsel an email

17  requesting a meet and confer "about the scheduling of Mr. Elkayam's deposition."  Dunlavey

18  Decl., ¶ 17 and Exh. J.  That meet and confer took place by telephone on Tuesday, July 29.

19  Dunlavey Decl., ¶ 18.

20      During the call, the participants discussed the timing and scope of Elkayam's deposition,

21  and the schedules of counsel.  The participants agreed that the deposition would last no more

22  than one day of seven hours, and agreed to take the deposition off calendar and seek a mutually

23  convenient date.  Id. ¶19(g).  Due to Elkayam's schedule, the scheduling of other depositions in

24  the Lawsuit, and Petitioner counsel's business, wedding and vacation schedules from August 13

25  through the end of August, counsel for PowerDsine and AMI Semiconductor agreed that they

26  would seek permission from District Judge Scheindlin, the judge presiding over the Lawsuit, to

27

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

5        BROADCOM AND ELKAYAM MOTION TO QUASH
OR FOR A PROTECTIVE ORDER; MEMORANDUM
OF POINTS AND AUTHORITIES

1  allow the deposition to occur in early September. Neither party expressed any significant

2  concern that Judge Scheindlin would be unwilling to sign such a stipulation. Id. ¶ 19(h).[4]

3        During the call, the participants also discussed the scope of Elkayam's deposition.

4  Petitioners' counsel stated that they wanted to reach agreement as to the scope of the deposition

5  in advance of the deposition in order to avoid having to seek a protective order during the

6  deposition itself. If agreement could not be reached, Petioners would need to consider whether

7  to file a motion for a protective order in advance of the deposition. Petitioners' counsel

8  requested an agreement that the scope of the deposition be limited to the time period prior to

9  December 2005, when Elkayam was a PowerDsine employee, or that PowerDsine explain the

10 relevance of testimony related to the period after Elkayam left PowerDsine and became

11 employed by Broadcom. Id. ¶ 19(b).

12       PowerDsine counsel, Mr. Hopkins, was vague as to PowerDsine's intentions. He said

13 that PowerDsine wanted to question Elkayam as to whether he had contributed to "certain

14 features" of the integrated circuits that AMI Semiconductor had developed with Broadcom. He

15 said there were "not more than seventeen" such features. When asked what those features were,

16 Mr. Hopkins stated that those features had been designated "highly confidential" under the

17 protective order in the Lawsuit. Id. ¶ 19(d). In response to questions, Mr. Hopkins confirmed

18 that it was PowerDsine's position that features that were in Broadcom's products were "highly

19 confidential" PowerDsine information such that the features could not be disclosed to

20 Broadcom's attorneys. Mr. Hopkins also confirmed that despite the "highly confidential"

21 designation, PowerDsine intended to question Elkayam about the features at his deposition.

22 Id. ¶ 19(e).

23

24

25 [4] During the call, Petitioners' lead counsel made a comment to the effect that if Judge Scheindlin did not
   sign the anticipated stipulation, the only other date in August that might work with his schedule at that
26 time was August 12. The comment, however, was not a commitment to hold that date open indefinitely
   or an agreement to produce Elkayam for deposition in the event that PowerDsine failed to come to an
27 agreement as to the proper scope of his deposition. Dunlavey Decl., ¶ 19(i). PowerDsine and AMI
   Semiconductor never submitted a proposed stipulation to Judge Scheindlin to allow the deposition to be
28 taken in September. Id. ¶ 21.

1    Petitioners' counsel stated that PowerDsine's position appeared to be an abuse of the

2    protective order – since PowerDsine intended to disclose the "highly confidential" features to

3    Elkayam during his deposition, the refusal to disclose the features to his counsel in advance of

4    the deposition seemed intended to prevent Elkayam from properly preparing for his deposition

5    rather than to preserve any "highly confidential" aspects of the features. Petitioners' counsel

6    also noted that if either Elkayam or Broadcom were a party to the Lawsuit, he would be in a

7    position to prepare Elkayam on the "not more than seventeen" features prior to the deposition.

8    Mr. Hopkins said that he was not prepared to reconsider PowerDsine's position during the call.

9    Petitioners' counsel asked PowerDsine's counsel to reconsider its position after the telephone

10   call and provide a list of the Broadcom product features as to which PowerDsine wanted to

11   question Elkayam. Id. ¶¶ 19(e), (f).

12      PowerDsine's counsel did not respond to Petitioners' requests for the list of "highly

13   confidential" features for over a week. Then, on the evening of August 6, PowerDsine counsel

14   sent a letter (Exh. T) attaching a copy of the protective order in the Lawsuit. Exh. U. The letter

15   stated that if Petitioners' counsel would sign copies of the undertaking to the protective order,

16   "we can discuss the features of the BCM5910X products at issue in the lawsuit." Exh. T.

17   Petitioners' counsel signed the undertaking and provided them to PowerDsine's counsel the

18   following morning. Exh. V. Yet on August 7, PowerDsine counsel stated that PowerDsine

19   refused to disclose or discuss the features of the Broadcom products that are at issue in the

20   Lawsuit in advance of the Elkayam deposition. Dunlavey Decl., ¶ 36(b).

21      Petitioners' counsel served objections to the Elkayam subpoena dated July 25, 2008 on

22   July 31, 2008. Exh. P. On the same day, Petitioners' counsel sent PowerDsine a letter

23   reiterating concerns about the scope of Elkayam's deposition and confirming again that both

24   Amos Hartston and Dean Dunlavey would be unavailable from August 13 through September 1,

25   2008. Exh. O. On August 6, 2008, Petitioners' counsel informed PowerDsine's attorneys that it

26   was no longer possible for the Elkayam deposition to be scheduled on August 12, even if

27   agreement could be reached as to the proper scope of the deposition. Exh. S.

28

7    BROADCOM AND ELKAYAM MOTION TO QUASH
OR FOR A PROTECTIVE ORDER; MEMORANDUM
OF POINTS AND AUTHORITIES

1        On August 7, 2008, counsel again met and conferred regarding the scheduling of

2   Elkayam's deposition. Dunlavey Decl., ¶ 35. Petitioners' counsel reiterated that it was no

3   longer possible for the deposition to be scheduled on August 12, as the requested information

4   necessary to prepare had not yet been provided by PowerDsine, no agreement had yet been

5   reached regarding the scope of the deposition, and in any event Mr. Dunlavey's schedule had

6   filled up during the interim. Dunlavey Decl., ¶ 36. Petitioners' counsel urged PowerDsine to

7   review and comment on the draft stipulation that AMI Semiconductor had sent to PowerDsine

8   which would allow the deposition to go forward on September 5, 2008. Id. ¶ 36(g). Rather than

9   work towards a mutually agreeable outcome, PowerDsine responded by transmitting a "revised"

10  deposition subpoena for Elkayam within hours of the meet and confer, noticing the deposition

11  for August 12, 2008 – a date that PowerDsine knew was unavailable. Exh. X.

12       As discussed above, when Petitioners' counsel refused to agree to produce Elkayam for

13  deposition on August 12, PowerDsine responded by not only issuing this Subpoena but by

14  issuing subpoenas purporting to command the depositions of Scott McGregor, Broadcom's Chief

15  Executive Officer and President, and Vahid Manian, its Senior Vice President for Global

16  Manufacturing Operations. Dunlavey Decl., ¶¶ 37, 38. PowerDsine noticed the "apex"

17  depositions for August 22, a date that it knew Broadcom's lead counsel would be on vacation in

18  Alaska. PowerDsine's counsel had not mentioned either Mr. McGregor or Mr. Manian prior to

19  issuing those subpoenas, much less stated that it desired to take their depositions. Id.

20       After receiving the McGregor and Manian subpoenas, Petitioners' counsel wrote to

21  PowerDsine's counsel twice and requested "If you have any evidence that either Mr. McGregor

22  or Mr. Manian has personal knowledge relevant to PowerDsine's claims or defenses against AMI

23  Semiconductor, please provide a detailed accounting of that evidence to me immediately."

24  Exhs. Y, AA. Neither of PowerDsine's responses to these letters has identified any such

25  evidence. Exhs. Z, BB.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8        BROADCOM AND ELKAYAM MOTION TO QUASH
         OR FOR A PROTECTIVE ORDER; MEMORANDUM
         OF POINTS AND AUTHORITIES

## III. ARGUMENT

### A. Legal Standard

PowerDsine is on a last-minute fishing expedition into non-party Broadcom's confidential information not relevant to the pending Lawsuit, and Petitioners seek an order from this Court quashing the Subpoena in its entirety or, in the alternative, issuing a protective order. Under Federal Rule of Civil Procedure 45(c)(3), a subpoena must be quashed if it "fails to allow reasonable time to comply" and may be quashed if it requires the disclosure of a trade secret or other protected material. Under Federal Rule of Civil Procedure 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."

In response to a motion for a protective order, the Court may issue an order including *inter alia* "forbidding the disclosure or discovery," "forbidding inquiry into certain matters," "limiting the scope of disclosure or discovery to certain matters," and "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.* This list is merely illustrative; a court has wide discretion to fashion relief. *United States v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982).

A party or person seeking a protective order must show good cause. *Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). However, protective orders are generally more easily obtained when discovery is sought from third parties. *Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980); *see also Laxalt v. McClatchy*, 116 F.R.D. 455, 457-458 (D. Nev. 1986) (stating the "[t]he rule is thus well established that nonparties to litigation enjoy greater protection from discovery than normal parties" and thus discovery requests "require a stronger showing of relevance than for simple party discovery"). "A court keeps this distinction between a party and nonparty in mind when it determines the propriety of a nonparty's refusal to comply with a subpoena by balancing 'the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

9

BROADCOM AND ELKAYAM MOTION TO QUASH
OR FOR A PROTECTIVE ORDER; MEMORANDUM
OF POINTS AND AUTHORITIES

1   the subpoena.'" *Beinin v. Ctr. For the Study of Popular Culture*, Case No. C-06-2298 JW (RS),

2   2007 U.S. Dist. LEXIS 22518, *6 (N.D. Cal. March 16, 2007).

3           Rule 45(c)(1) provides that:

4                   A party or attorney responsible for issuing and serving a
                    subpoena ***must*** take reasonable steps to avoid imposing undue
5                   burden or expense on a person subject to the subpoena. The
                    issuing court ***must enforce this duty and impose an appropriate***
6                   ***sanction*** – which may include lost earnings and reasonable
                    attorney's fees – on a party or attorney who fails to comply.
7

8   Emphasis added.

        **B.      An Order Protecting Elkayam is Necessary Because Inadequate Time Was**
9               **Provided to Respond**

10          An order protecting Elkayam from deposition is necessary first because counsel for

11  PowerDsine did not provide sufficient time to respond, and noticed the deposition for a date they

12  knew was unavailable. The federal rules explicitly require that a subpoena allow for a

13  reasonable time for compliance. Fed. R. Civ. Proc. 45(c)(3)(A) ("the issuing court ***must*** quash or

14  modify a subpoena that…fails to allow a reasonable time to comply") (emphasis added); *see also*

15  *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (disapproving

16  deposition subpoenas issued one week before the noticed date). Here, Elkayam's deposition was

17  noticed for August 12, which would be the third business day after PowerDsine e-mailed its

18  deposition subpoena, and a date that PowerDsine repeatedly had been told would not work. *See*

19  *supra.*

20          The discovery schedule in the Lawsuit provides no excuse for PowerDsine. Elkayam is

21  not a party to the Lawsuit. PowerDsine waited until the fact discovery deadline was almost upon

22  it before issuing the Subpoena, and then refused to meet and confer in good faith in order to

23  address issues regarding the timing and scope of the deposition. PowerDsine and AMI

24  Semiconductor did not submit the stipulation to Judge Scheindlin in the Southern District of New

25  York that they agreed they would – a stipulation that would have allowed Elkayam's deposition

26  to go forward in September, when both he and counsel were available. While PowerDsine

27  blames AMI Semiconductor for not reaching a stipulation earlier (see Exh. BB), that has no

28  bearing on Petitioners. Moreover, PowerDsine has no explanation for why AMI

                                                    10        BROADCOM AND ELKAYAM MOTION TO QUASH
                                                              OR FOR A PROTECTIVE ORDER; MEMORANDUM
                                                              OF POINTS AND AUTHORITIES

1  Semiconductor's initial and subsequent proposed stipulations were not acceptable nor does it

2  explain why, if it found the proposed stipulation language unacceptable it did not go to Judge

3  Scheindlin directly.  Instead, PowerDsine issued the Subpoena on just a few dates notice for a

4  date it knew was unavailable, refused to provide information necessary to prepare for the

5  deposition, and refused to limit the scope of the deposition to matters relevant to the Lawsuit.

6  The Subpoena should be quashed on these bases alone.

7         **C.**    **PowerDsine is Seeking Discovery on Confidential Broadcom Information**

               **That is Irrelevant to the Issues in PowerDsine's Lawsuit With**

8                 **AMI Semiconductor**

9        The Court should quash the Subpoena because PowerDsine is attempting to use it as a

10  fishing expedition to seek discovery into Broadcom's confidential information that has nothing

11  to do with any of the issues in PowerDsine's Lawsuit with AMI Semiconductor.

12        As discussed above, PowerDsine and Broadcom sell competing Power-over-Ethernet

13  integrated circuits.  Elkayam has worked at Broadcom from about December 2005 until the

14  present.  For about one year of his time at Broadcom (from the Summer of 2006 until the

15  Summer of 2007), Elkayam worked in Broadcom's Power-over-Ethernet group.  While Elkayam

16  principally worked on testing Broadcom's products, he has had access to confidential Broadcom

17  materials describing their internal design.  Such topics cannot possibly be relevant to

18  PowerDsine's lawsuit against AMI Semiconductor.  PowerDsine is suing AMI Semiconductor

19  for breach of contract, alleging that AMI Semiconductor violated an NDA with PowerDSine.

20        Elkayam has offered to be deposed, provided that the deposition be limited to his pre-

21  December 2005 work at PowerDsine, and not cover his subsequent work at Broadcom.

22  PowerDsine's counsel refused to accept this limitation.  To the contrary, in meet and confers,

23  PowerDsines's counsel have indicated that they are interested in deposing Elkayam regarding his

24  knowledge of the internal design of Broadcom's products.  Because PowerDsine is attempting to

25  use its Subpoena for improper purposes, the Subpoena should be quashed.

26        Anticipating PowerDsine's argument in response that Elkayam's deposition transcript

27  could be marked "HIGHLY CONFIDENTIAL" under the protective order in the Lawsuit and

28  Broadcom's concerns could be met by that designation, such an argument would be without

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11    BROADCOM AND ELKAYAM MOTION TO QUASH
OR FOR A PROTECTIVE ORDER; MEMORANDUM
OF POINTS AND AUTHORITIES

1   merit.  Broadcom – a non-party – should not be required to disclose its confidential design and

2   testing information to a competitor when the information is not relevant to PowerDsine's claim

3   that AMI Semiconductor breached an NDA.  Moreover, the protective order in the Lawsuit

4   specifically contemplates that parties will be able to redact their documents so as to avoid

5   disclosing irrelevant information, even though the documents can be marked "HIGHLY

6   CONFIDENTIAL."  *See* Exh. U, at 16 ("Where the producing party, in good faith, believes that

7   information . . . contained in a document is confidential and not relevant to the issues of this

8   action . . . such information may be redacted . . .").  Thus, PowerDsine itself has recognized that

9   marking materials as "HIGHLY CONFIDENTIAL" is no panacea that permits discovery into

10  confidential, irrelevant information.

11          **D.    PowerDsine's Assertion that the Features in Broadcom's Products are**
               **"Highly Confidential" PowerDsine Information is Nonsensical and a Blatant**
12             **Abuse of the Protective Order Entered in the Lawsuit**

13          An order quashing the Subpoena or entry of a protective order is further necessary

14  because PowerDsine is abusing the protective order in the Lawsuit for tactical purposes,

15  intentionally and improperly withholding information that – if PowerDsine is allowed to depose

16  Elkayam and further is allowed to question him concerning the features of Broadcom's products

17  – would be necessary to adequately prepare him for his deposition.  As described above,

18  PowerDsine's attorneys have designated features in Broadcom's products as PowerDsine's

19  "highly confidential" information and on that basis refused to disclose the features to Petitioners

20  in advance of Elkayam's deposition.  This is improper.

21          Under the protective order in the Lawsuit, "HIGHLY CONFIDENTIAL – OUTSIDE

22  ATTORNEYS EYES ONLY INFORMATION" PowerDsine information is "sensitive

23  commercial information or other confidential information that [PowerDsine] does not wish to

24  disclose publicly" that PowerDsine "reasonably and in good faith [deems] . . . to include

25  confidential technical information, such as [PowerDsine's] research, design or development

26  information, or highly sensitive business information, or trade secrets."  Exh. U, at 2.  Given this

27  definition, it is nonsensical for PowerDsine to claim that features in Broadcom's products are

28

1   PowerDsine's "highly confidential" information that legitimately can be withheld from

2   Broadcom.

3           Furthermore, Petitioners' counsel signed acknowledgements to be bound under the

4   protective order. Exh. V. Since counsel for PowerDsine has contended that such

5   acknowledgements are sufficient to address confidentiality concerns, there would be no basis for

6   PowerDsine's refusal to provide the information even if it were "highly confidential"

7   PowerDsine information.

8           In addition, PowerDsine has yet to provide an acceptable response as to how Broadcom's

9   development of the features in its integrated circuits is relevant to PowerDsine's breach of

10  contract claim against AMI Semiconductor.

11          Finally, the acknowledgment by PowerDsine's attorneys that they intend to disclose the

12  "highly confidential" information at Elkayam's deposition demonstrates that PowerDsine is not

13  withholding the information in order to protect its "highly sensitive business information or trade

14  secrets" but rather to prevent Petitioners' counsel from adequately preparing Elkayam for his

15  deposition and attempt to surprise and ambush Elkayam.

16          PowerDsine's discovery misconduct, blatant abuse of the protective order, and failure to

17  provide a credible justification for how the material sought is relevant to the Lawsuit,

18  demonstrate that it is conducting a harassing and vexatious campaign against Elkayam and

19  Broadcom generally. Accordingly, the subpoena should be quashed in its entirety. *See Mattel*

20  *Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) (upholding quash of

21  subpoena "served for the purpose of annoying and harassment").

22      **E.    An Order Protecting Elkayam and Broadcom is Necessary Because the
             Information Sought is Irrelevant and Confidential Such That the Burden to
23           the Non-Parties Outweighs Any Benefit to PowerDsine**

24          In the event the subpoena is not quashed, a protective order is necessary. Under the

25  circumstances, the burden that the Subpoena places on non-parties Elkayam and Broadcom

26  clearly outweighs any benefit to PowerDsine. Despite Petitioners' requests that it do so,

27  PowerDsine has failed to demonstrate how Broadcom's internal development of its products

28  relates in any way to PowerDsine's breach of contract claim against AMI Semiconductor. *See*

                                    13      BROADCOM AND ELKAYAM MOTION TO QUASH
                                            OR FOR A PROTECTIVE ORDER; MEMORANDUM
                                            OF POINTS AND AUTHORITIES

1   *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (granting motion to quash non-

2   party subpoena as irrelevant and overbroad and noting "[a]lthough irrelevance is not among the

3   litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated

4   relevance as a factor when determining motions to quash"). Moreover, the information sought

5   by PowerDsine constitutes highly sensitive proprietary and/or technical information of non-

6   parties Elkayam and Broadcom.

7          It is well-established that a court can quash or modify a subpoena that requires

8   "disclosing a trade secret or other confidential research, development, or commercial

9   information." Fed. R. Civ. Proc. 45(3)(B)(i). This is also a grounds for a protective order under

10  Rule 26(c)(1)(G). This is particularly appropriate where the relevance of the information has not

11  been established, and the confidential information is of a non-party to the lawsuit.

12         Accordingly, in the event the deposition is to go forward, the following protective order

13  is requested:

14         1.    Setting the deposition for a date that will allow appropriate notice and

15               preparation;

16         2.    Limiting the deposition to one day of seven hours.

17         3.    Limiting the scope of questioning to the time period when Elkayam was

18               employed by PowerDsine, prior to December 2005.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   IV.    **CONCLUSION**

2          For the foregoing reasons, the motion should be granted, an immediate stay of the

3   deposition entered, as well an order quashing the subpoena or issuing a protective order

4   regarding the deposition of Shimon Elkayam or, in the alternative, limiting the scope of the

5   deposition as described above.

6

7   **DATED:**       August 11, 2008                    LATHAM & WATKINS LLP
                                                         Dean G. Dunlavey
8                                                        Amos E. Hartston

9

10

11                                          By: _____
                                                  Dean G. Dunlavey
12
                                                 Attorneys for Petitioners
13                                               Broadcom Corporation and
                                                 Shimon Elkayam
14  SV\628537.6

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15       BROADCOM AND ELKAYAM MOTION TO QUASH
         OR FOR A PROTECTIVE ORDER; MEMORANDUM
         OF POINTS AND AUTHORITIES

1

## PROOF OF SERVICE

2
    I am employed in the County of San Mateo, State of California.  I am over
3   the age of 18 years and not a party to this action.  My business address is Latham &
    Watkins LLP, 140 Scott Drive, Menlo Park, CA  94025.

4
    On **August 11, 2008,** I served the following documents described as:

5   1) **Petitioner Third Parties Broadcom Corporation and Shimon Elkayam's Notice of**
6      **Motion and Motion to Quash or for a Protective Order Regarding Deposition and**
       **Document Subpoena to Shimon Elkayam in** *PowerDsine, Inc. and PowerDsine,*
7      *Ltd. v. AMI Semiconductor, Inc. and AMI Semiconductor Belgium BVBA,* **Case No.**
       **07-CV-6014 (SAS) (FM), Southern District of New York.**

8   2) **Declaration of Dean G. Dunlavey in Support of Petitioner Third Parties**
       **Broadcom Corporation and Simon Elkayam's Motion to Quash or for a**
9      **Protective Order Regarding Deposition and Document Subpoena to Shimon**
       **Elkayam**
10
    3) **[Proposed] Order Granting Petitioner Third Parties Broadcom Corporation and**
11     **Shimon Elkayam's Motion to Quash or for a Protective Order Regarding**
12     **Deposition And Document Subpoena to Shimon Elkayam**

13  by serving a true copy of the above-described document in the following manner:

14                        **BY ELECTRONIC MAIL**

15      The above-described document was transmitted via electronic mail to the
    following parties on August 11, 2008:

16

| Kimberly Giuliano Email: KGiuliano@chadbourne.com | Peter Bucci Email: PBucci@chadbourne.com |
|---|---|
| Walter Hanchuk Email: WHanchuk@chadbourne.com | Scott Balber Email: SBalber@chadbourne.com |
| Dennis Hopkins Email: DHopkins@chadbourne.com | Paul Tanck Email: PTanck@chadbourne.com |
| Michael Oblon Email: MOblon@perkinscoie.com | Tyler Bowen Email: TBowen@perkinscoie.com |
| H. Rowan Gaither IV Email: RGaither@rkollp.com | Bryan Banks Email: bbanks@perkinscoie.com |
| Joseph Mais Email: JMais@perkinscoie.com | |

CV 08 - 80154 MISC PVT

1

2                              **AND BY U.S. MAIL**

3           I am familiar with the office practice of Latham & Watkins LLP for
   collecting and processing documents for mailing with the United States Postal Service.
4  Under that practice, documents are deposited with the Latham & Watkins LLP personnel
   responsible for depositing documents with the United States Postal Service; such
5  documents are delivered to the United States Postal Service on that same day in the
   ordinary course of business, with postage thereon fully prepaid.  I deposited in Latham &
6  Watkins LLP' interoffice mail a sealed envelope or package containing the above-
   described document and addressed as set forth below in accordance with the office
7  practice of Latham & Watkins LLP for collecting and processing documents for mailing
   with the United States Postal Service:

8

| Kimberly Giuliano, Esq.<br>Walter Hanchuk, Esq.<br>Dennis Hopkins, Esq.<br>Peter Bucci, Esq.<br>Scott Balber, Esq.<br>Paul Tanck, Esq.<br>Chadbourne & Park LLP<br>30 Rockefeller Plaza<br>New York, NY 10112 | H. Rowan Gaither IV, Esq.<br>Richards Kibbe & Orbe LLP<br>One World Trade Center<br>New York, NY 10281 |
|---|---|
| Michael Oblon, Esq.<br>Perkin Coie LLP<br>607 Fourteenth Street, N.W.<br>Washington, DC 20005 | Joseph Mais, Esq.<br>Tyler Bowen, Esq.<br>Bryan Banks, Esq.<br>Perkins Coie LLP<br>2901 N. Central Ave., Suite 2000<br>Phoenix, AZ  85012 |

16          I declare that I am employed in the office of a member of the Bar of, or
   permitted to practice before, this Court at whose direction the service was made and
17  declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

18

19          Executed on **August 11, 2008** at Menlo Park, California.

20                                     _Deborah Peterson_
                                                  Deborah Peterson
21

22

23

24

25

26

27

28