UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POWERDSINE, INC., ET AL.,            )<br>                                                        )<br>                    Plaintiffs,        )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>AMI SEMICONDUCTOR, INC., ET AL., )<br>                                                        )<br>                    Defendants.   )<br>_____ ) | Case No.: C 08-80154 JW(PVT)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD-PARTIES BROADCOM, INC. AND SHIMON ELKAYAM'S MOTION TO QUASH, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |

On August 11, 2008, Petitioners and third parties Broadcom Corporation and Shimon Elkayam moved to quash, or in the alternative, for a protective order, the deposition and document subpoena served on Mr. Elkayam by Respondent and Plaintiff PowerDsine. Respondent PowerDsine opposed the motion. On September 23, 2008 the parties appeared before Magistrate Judge Patricia V. Trumbull to argue the motion.[1]

IT IS HEREBY ORDERED that the Petitioners' motion to quash, or in the alternative, for a protective order, regarding the deposition and document subpoena to Mr. Elkayam for information

---

[1] On September 23, 2008, the court in the underlying action ruled that third party discovery served on Petitioners is timely because the subpoena was served prior to the August 28, 2009 discovery cut-off. *See* Declaration of Mark Yocca Regarding Status Report of the September 23, 2008 Pre-Motion Conference Before Judge Scheindlin, Exh. A, at 16.

regarding his employment at PowerDsine prior to December 2005 is DENIED.[2]  The parties shall meet and confer to determine a mutually agreeable date and time to conduct the deposition. *See* Civ. L. R. 30-1.  The deposition will last no longer than seven hours.

IT IS FURTHER ORDERED that the Petitioners' motion to quash, or in the alternative, for a protective order, regarding the deposition and document subpoena to Mr. Elkayam for information regarding his employment post-December 2005 and Broadcom's trade secrets and confidential information relating to features of its Power-over-Ethernet BCM5910x products is GRANTED.

Mr. Elkayam and Broadcom are not parties to the underlying action.  Prior to December 2005, Mr. Elkayam was employed by PowerDsine in Israel.  Mr. Elkayam became employed at Broadcom after December 2005.  PowerDsine has failed to establish the relevance of Mr. Elkayam's employment post-December 2005.  While Rule 45 does not specify lack of relevance as a reason to quash a subpoena, "courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).  Under Rule 45(c)(3)(A), "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[.]" *Id*. (quoting *Travelers Indem. Co.*, 228 F.R.D. 111, 113 (D.Conn. 2005)).  This includes a consideration of relevance. *Id*.

Further, when non-parties are involved, lack of relevance is a sufficient basis to quash the subpoena under Rule 45. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).  Non-parties enjoy "greater protection from discovery than normal parties;" thus, discovery requests "require a stronger showing of relevance than for simple party discovery." *Laxalt v. McClatchy*, 116 F.R.D. 455, 457-58 (D. Nev. 1986).  The explanation proffered by PowerDsine is merely speculative.  It has failed to demonstrate how Broadcom's internal development of its products, Mr. Elkayam's alleged involvement in the development of Broadcom's products, or Broadcom's internal communications with Mr. Elkayam while employed at Broadcom are relevant to the alleged claims in the underlying action.  PowerDsine has made no efforts to tailor the deposition and document subpoena post-December 2005 "'to the immediate needs of the case.'" *See Mattel, Inc. v. Walking*

---

[2]  The holding of this Court is limited to the facts and the particular circumstances underlying the present motion.

1  *Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003). Accordingly, the subpoena is unduly burdensome. *Id*.

IT IS FURTHER ORDERED that Respondent PowerDsine's Request for Leave to File Surreply is DENIED.

IT IS SO ORDERED.

Dated:   *October 1, 2008*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge